## L. M. BOYD v. THE STATE.

No. 17973.  Delivered April 1, 1936.

The opinion states the case.

*Shields I. Cornett,* of Linden, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for wife desertion; punishment, one year in the penitentiary.

On a former day of this term we declined to consider the statement of facts herein because it appeared that same had not been filed in the court below, and no fundamental error appearing in the record the judgment of the trial court was affirmed. Since then the clerk of the court below has filed his affidavit certifying that the statement of facts was duly filed in his office within the time prescribed by law. Therefore our former opinion is withdrawn, and we will now consider and dispose of this case on its merits.

Appellant married the last of February, took his wife to his father's home, where they stayed awhile, and then went to live with the wife's father, who was to pay appellant fifty cents a day and board him and his wife. On the 3rd of June following, appellant went away, saying that he would be back the next day, but he did not go back, nor did he thereafter support, or,—as far as this record shows,—offer to support his wife or to contribute any money or thing of value to such support. She testified that her father had taken care of her, and was so doing at the time of this trial, during which charges and counter-charges were made and supported by the relatives and friends of the husband and wife. Various issues of fact were made, and the law of same submitted to the jury by the court in his charge, and apparently were decided against appellant. We find no exceptions to the charge as given. Five special charges were asked, four of which were given. The one refused was not correctly drawn, and the issue attempted to be there presented was covered by the main charge.

As we understand the brief of appellant, substantially his only contention is that the evidence was not sufficient to support the conviction because the wife was not in destitute or

necessitous circumstances at the time he left her. Quite a number of our decisions are cited in appellant's brief.

The wife testified that she contracted syphilis from appellant after her marriage, and that he left her "in the very worst sort of physical condition;" that she had not been able to engage in any kind of work or occupation, could hardly walk, and was under the treatment of a doctor. She testified that appellant left her in necessitous circumstances, that she thereafter lived with her father, who was a farmer and furnished her food. So far as clothing was concerned, she said she still had the clothes she possessed at the time of her marriage. On cross-examination she testified that she owned a one-third interest in a tract of 160 acres of land on which her father lived; that she did not work any of the land and got no rents or anything of that kind off of same. She further testified that she had seen appellant and was near him several times after he left her, but he did not speak to her or come around to see her, and that she would die before she would ask him for a penny.

Appellant testified that he contracted syphilis from his wife, and gave as one of his reasons for leaving her that her father had threatened him. He also claimed that his wife told him that she wanted to stay at her father's and would not live with him in Hughes Springs, where his parents lived and where he said he could get work.

The special charges asked and given instructed the jury to acquit if they found that he left his wife because her father had threatened him, or if it reasonably appeared to him that her said father had harmful designs against him. Another special charge instructed the jury to acquit if they believed from the evidence that appellant chose to live in Hughes Springs, Texas, and that his wife refused to go there and live with him, because she preferred to live with her father. Another special charge instructed an acquittal if the jury found that appellant did not wilfully desert his wife, or so refuse to provide for her support and maintenance, or if appellant did not leave her in destitute or necessitous circumstances as that term was defined. Another special charge instructed the jury to acquit if they found after marriage appellant contracted a venereal disease from his wife and separated from her for this cause. As above stated, the fifth special charge, which was refused, did not contain a correct definition of the expression "necessitous circumstances".

Appellant has several bills of exception, which have been

weighed and considered. Most of these were qualified by the trial court, and as qualified present no question calling for our discussion.

In our opinion the fact that appellant's wife owned a small tract of land from which she received no income or rent, and was herself unable to work,—would not absolve him from the criminal consequences entailed by his desertion of her, and his failure to support her or contribute to such support. The issue of whether she was in necessitous circumstances was directly submitted to the jury, who were told to acquit if such was not her condition.

Finding no error, and concluding the facts sufficient, the judgment is affirmed.

*Affirmed.*

MORROW, P. J., absent.